UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2011 APR 25  P 2:58

U.S. DISTRICT COURT
BRIDGEPORT, CONN

-------------------------------------------------------x
WILHELMSEN SHIPS SERVICE B.V.      :
                                   :
                    Plaintiff,     :
                                   :       **COMPLAINT**
    -VS-                           :
                                   :       **3 11 CV 657   VLB**
                                   :
SOKANA CHARTERING, INC.            :
                                   :
                    Defendant.     :
-------------------------------------------------------x

Plaintiff, WILHELMSEN SHIPS SERVICE B.V. (hereinafter "Plaintiff" or "WSS"), by and through its attorneys, Clark Atcheson & Reisert, as and for its complaint against Defendant SOKANA CHARTERING, INC., (hereinafter "Defendant" or "SOKANA"), alleges upon information and belief as follows.

## JURISDICTION

1. The Court has subject matter jurisdiction by virtue that the underlying claims herein are admiralty and maritime claims within the measure of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## **THE PARTIES**

2. At all times material hereto Plaintiff, was and still is a foreign business entity duly organized and existing pursuant to the laws of the Netherlands, with a principal place of business at Willem Barentszstaat 50, 3165 AB, Rotterdam, Netherlands.

3. WSS is a leading maritime service provider with a focus on providing marine products, technical services, port agency services and maritime logistics to the world's merchant marine fleet.

4. In connection with its business for port agency services, WSS provides various vessel husbanding and agency services for the operation of merchant vessels which includes, but is not limited to: providing various services for vessels, advancing monies for services and supplies such as pilotage fees, port dues, mooring and un-mooring expenses, canal and river dues, port security fees, crew transportation costs, crew accommodation costs, port notification fees, ship's reporting costs, garbage disposal dues, cash advances to masters, tugboat fees, barge fees, customs fees, boatmen assistance fees, harbor and quay dues, vessel traffic service fees, environmental dues, water tax fees, water bunkering fees, courier expenses, crew expenses, equipment spare part delivery fees, nautical charts/book fees and agency fees.


5. At all times material hereto Defendant, SOKANA was and still is a domestic corporation duly organized and existing pursuant to the laws of the State of Delaware with its principal place of business at One Gorham Island, Suite 203, Westport, CT 06880.

6. SOKANA is and was a charterer or commercial manager of a fleet of ocean going chemical motor tankers including the MT EMERATES SWAN, MT OCEANIC CORAL, MT MYKINES, MT SONGA WINDS and the MT OCEANIC COBALT.

## FACTS AND CLAIMS

7. During November 2008, Defendant appointed WSS to act as port agent for the MT EMERATES SWAN during her call to the Port of Rotterdam, Netherlands, during November 2008.

8. During the vessel's call WSS, performed the usual services of a ship's agent, including arranging for various services for the vessel as well as, advancing moneys for services and supplies.

9. During the vessel's call at Rotterdam Defendant incurred WSS agency fees and expenses in an amount of EUR 10,389.55.

10. Defendant advanced EUR 10,000 towards the agency fees and expenses, leaving a balance of EUR 389.55 due and owing.

11. Plaintiff invoiced Defendant for the above necessary maritime services, however, Defendant failed, neglected and/or otherwise refused to pay Plaintiff the full amount due and owing to it for the costs it incurred.

12. The amount still due from Defendant, for the necessary maritime services rendered on the above referenced vessel, totals the some of EUR 389.55, plus interest. Defendant has failed to pay the amount due and although Plaintiff has made demand upon Defendant, for the payment, no part thereof has been paid.

## M.T OCEANIC CORAL

13. During February 2009 Defendant SOKANA appointed WSS to act as port agent for the M.T. OCEANIC CORAL during her call to the Port of Flushing, Netherlands during February 2009.

14. During the vessel's call WSS performed the usual services of a ship's agent including arranging for various service for the vessel as well as, advancing moneys for services and supplies.

15. During the vessel's call Defendant incurred WSS agency fees and expenses in the amount of EUR 18,904.60.

16. Defendant advanced EUR 14,117.00 towards the agency fees and expenses, leaving a balance of EUR 4,826.24.

17. Plaintiff, invoiced Defendant for the above necessary maritime services, however, Defendant failed, neglected and/or otherwise refused to pay Plaintiff the full amount due and owing to it for the costs it had incurred.

18. The amount still due from Defendant, for the necessary maritime services rendered on the above referenced vessel, totals the sum of EUR 4,826.24 plus interest. Defendant has failed to pay the amount due and although Plaintiff has made demand upon defendant for the payment of said sum of EUR 4,826.24, plus interest, no part thereof has been paid.

## **MT MYKINES**

19. During February 2009 Defendant appointed WSS to act as port agent for the MT MYKINES during her call at the Port of Antwerp, Belgium in February 2009.

5

20. During the vessel's call WSS performed the usual service of a ship's agent, including arranging for various services for the vessel as well as, advancing moneys for services and supplies.

21. During the vessel's call, Defendant incurred WSS agency fees and expenses in the amount of EUR 1,250.00 and 19,958.17 and paid only 11,188.24, leaving a balance of EUR 5,541.70 due and owing.

22. Plaintiff invoiced Defendant for the above necessary maritime services, however, Defendant failed, neglected and/or otherwise refused to pay Plaintiff for the full amount due and owing to it for the costs it had incurred.

23. The amount still due from Defendant, for the necessary maritime services rendered on the above referenced vessel, totals the sum of EUR 5,541.70, plus interest. Defendant has failed to pay the amount due and although Plaintiff has made demand upon defendant for the payment of said sum of EUR 5,541.70, plus interest, no part thereof has been paid.

## M.T. SONGA WINDS

24. During September 2009 Defendant appointed WSS to act as port agent for the MT SONGA WINDS during her call at the Port of Rotterdam during September 2009.

25. During the vessel's call WSS performed the usual service of a ship's agent, including arranging for various services for the vessel as well as, advancing moneys for services and supplies.

26. During the vessels call, Defendant incurred WSS agency fees and expenses in the amount of EUR 17,841.12.

27. Plaintiff invoiced Defendant for the above necessary maritime services, however, Defendant failed, neglected and/or otherwise refused to pay Plaintiff for the full amount due and owing to it for the costs it had incurred.

28. The amount still due from Defendant, for the necessary maritime services rendered on the above referenced vessel, totals the sum of EUR 17,841.12, plus interest. Defendant has failed to pay the amount due and although Plaintiff has made demand upon defendant for the payment of said sum of EUR 17,841.12, plus interest, no part thereof has been paid.

## M.T. OCEANIC COBALT

29. During September 2009, Defendant appointed WSS to act as port agent for the MT OCEANIC COBALT during her call at the Port of Rotterdam.

30. During the vessel's call, Defendant incurred WSS agency fees and expenses in the amount of EUR 23,342.13.

31. Defendant advanced EUR 18,109.91towards the agency fees and expenses, leaving a balance of EUR 5,232.22.

32. Plaintiff invoiced Defendant for the above necessary maritime services, however, Defendant failed, neglected and/or otherwise refused to pay Plaintiff for the full amount due and owing to it for the costs it had incurred.

33. The amount still due from Defendant, for the necessary maritime services rendered on the above referenced vessel, totals the sum of EUR 5,232.22, plus interest. Defendant has failed to pay the amount due and although Plaintiff has made demand upon defendant for the payment of said sum of EUR 5,232.22, plus interest, no part thereof has been paid.

34. The outstanding debts undisputedly due and owing from Defendant with respect to each vessel are as follows:

| **Vessel** | **Amount (EUR)** |
| --- | --- |
| M.T EMERATES SWAN | EUR 389.55 |
| M.T. OCEANIC CORAL | EUR 4,826.24 |
| M.T. MYKINES | EUR 5,541.70 |

| | |
|---|---|
| M.T. SONGA WINDS | EUR 17,841.12 |
| M.T. OCEANIC COBALT | EUR 5,232.22 |

35. WSS has demanded payment from Defendant, but Defendant, in violation of its obligations under the terms and conditions of the agency agreements, has refused or has otherwise failed to pay the outstanding maritime agency balances undisputedly due and owing,

## FIRST CAUSE OF ACTION
### Breach of Contract

36. Plaintiff WSS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through thirty five (35) as set forth herein at length.

37. At the request of Defendant, Plaintiff undertook to provide necessary maritime services to Defendant's managed or chartered vessels.

38. In advance of doing so, WSS and Defendant agreed that WSS would issue invoices and be compensated for the services provided.

39. WSS provided the agreed upon services to Defendant's managed or chartered vessels and provided regular invoices for the commissions earned during said period.

40. Defendant has received the benefit of Plaintiff's services; has received the invoices presented without objection, yet has failed to pay Plaintiff all compensation due and owing despite demand for same.

41. Despite repeated requests for payment by WSS and promises of payment by Defendant, Defendant has neglected, failed and otherwise refused to pay for the services rendered by WSS.

42. As such, Plaintiff seeks damages or EUR 33,830.83, plus interest.

43. Accordingly, Plaintiff seeks recovery of damages in an amount not less than EUR 33,830.83 or USD 49,000.00, plus interest and costs.

## SECOND CAUSE OF ACTION
### Account Stated

44. Plaintiff WSS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through forty three (43) as set forth herein at length.

45. WSS has invoiced Defendant for the outstanding balance of EUR 33,830.83.

46. Defendants have retained the invoices received from WSS without objection. More than a reasonable time period has elapsed.

47. As such, WSS respectfully requests that it should be entitled to a judgment for the amount of EUR 33.830.83, plus interest.

### THIRD CAUSE OF ACTION
**Unjust Enrichment/Quantum Meruit**

48. Plaintiff WSS repeats and re-alleges each and every allegation set forth in paragraphs one (1) through forty seven (47) as set forth herein at length.

49. WSS was requested to provide necessary maritime services by Defendant, and did provide such services for the benefit of Defendant.

50. Despite repeated demands for payment for same, no payments for same have been received by WSS.

51. Defendant has inequitably benefited from its neglect, failure and/or refusal to pay WSS the EUR 33,380.83 worth the services WSS provided at the request or, and for the benefit, of Defendant.

52. Defendant has unjustly received and retained the benefit if the services rendered by WSS.

53. Equity and good conscience require Defendant to pay WSS EUR 33,380.83, plus interest, for the services it provided, which WSS had incurred and sustained at the request of, and for the benefit of, Defendant.

54. WILHELMSEN's total claim for breach of the agreements against Defendant is in an amount of not less than EUR 33,830.83 or USD 49,000.00, plus interest and costs.

WHEREFORE, Plaintiff prays:

A.  The process in due form of law issue against the Defendant, citing it to appear and answer all, and singular, the matters alleged in the Complaint;

B.  That judgment be entered against Defendant in the sum of EUR 33,830.83 which equals to approximately USD $49,000.00, plus interest and cost

C.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: North Bergen, New Jersey
       April 20, 2011

                                    CLARK, ATCHESON & REISERT

                              By:   _____
                                    Peter D. Clark (Federal Bar No. CT28606)
                                    ATTORNEYS FOR PLAINTIFF
                                    WILHELMSEN SHIPS SERVICE B.V.
                                    7800 River Road
                                    North Bergen, New Jersey
                                    Tel:  (201) 537-1200
                                    Fax: (201 537-1201
                                    Email: pclark@navlaw.com